UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BALARM ANADUMURTHY**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**CONVERGENT OUTSOURCING, INC.,**<br><br>Defendant. | Case No.: 17-CV-2202<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692,** *et seq.*<br><br>**JURY DEMANDED** |

## INTRODUCTION

1. Plaintiff brings this class action claim on behalf of himself and all others similarly situated against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors," due to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business within this District, Plaintiff is a resident of Beachwood, Cuyahoga County, Ohio, which is within this District, and a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Beachwood, Cuyahoga County, Ohio.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Washington, which is licensed to business in Illinois, and which has its principal place of business in Renton, Washington.

## FACTUAL ALLEGATIONS

9. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

10. On or about May 29, 2017, Plaintiff received a letter from Defendant, which stated in highlighted color that the letter contained a "Settlement Offer." The text of the letter itself stated, in relevant part, "If you have the ability, we can accept 80% of your total balance due as settlement in full of your account. The full settlement amount of $1,149.95 must be received in our office by an agreed upon date." A copy of said letter is attached hereto as Exhibit A.

11. Such representations overshadowed Plaintiff's rights and mislead an unsophisticated consumer with false claims. Specifically, and without limitation, Defendant's May 29, 2017 letter imply that Plaintiff is under a legal obligation through a pending lawsuit and subject to a possible court judgment if the settlement is not accepted, when such statements are false.

12. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt;

   b. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt;

   c. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff; and

   d. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

13. In its attempts to collect the aforementioned alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, frustration, emotional distress and mental anguish.

## CLASS ALLEGATIONS

15. Plaintiff brings this class action on behalf of himself and all others similarly situated as a member of the proposed class (the "Class") defined as follows:

> All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that stated that the letter was a "Settlement Offer".

16. As a result of Defendant's conduct, Plaintiff and members of the Class have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant. Defendant misled Plaintiff and the Class into believing, through Defendant's material omissions, that they lacked certain rights and Defendant lacked certain obligations.

17. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Classes members number to be in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

18. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

19. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

20. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the

disposition of their claims in a class action will provide substantial benefits both to the parties and to the Court.

21. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated in writing with consumers in connection with the collection of debts and stated that the written communication (i.e. letter) was a "Settlement Offer."

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of actual and statutory damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

22. As a resident of the United States who received the inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

23. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in consumers who continue to lack notice of their rights and Defendant's obligations.

24. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

25. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

27. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

28. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

29. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative Class consists thousands of individuals and are so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The actual number of putative Class members is in the exclusive control of Defendant.

30. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has hired counsel able and experienced in class action litigation.

31. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

32. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

33. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class, as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

34. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 34 above as if reiterated herein.

36. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to recover such damages in addition to statutory damages in the amount of $1,000.00 each, plus reasonably incurred attorney's fees, plus costs, pursuant to 15 U.S.C. § 1692k(a)(1)-(3).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

   a. An order certifying the Class and appointing Plaintiff as Representative of the Class;

   b. An order certifying the undersigned counsel as Class Counsel;

   c. An order requiring Defendants, at its own cost, to notify all Class members of the unlawful, unfair, deceptive and unconscionable conduct herein;

   d. Awarding Plaintiff and the Class statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   e. Awarding Plaintiff and the Class actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   f. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1692k(a)(3);

  g.  Awarding pre-judgment interest and post-judgment interest; and

  h.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

/s/ David B. Levin
Attorney for Plaintiff
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
111 West Jackson Blvd.
Suite 1700
Chicago, IL 60604
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com